MAM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

QUENTIN TODD JACKSON          :     CIVIL ACTION
                              :
         v.                   :
                              :
JAMES M. McGRADY, et al.      :     NO. 10-3880

ORDER

FILED
AUG 31 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

AND NOW, this 31st day of August, 2011, upon consideration of the Petition for Writ of Habeas Corpus (Docket No. 1), the Commonwealth's objections, petitioner's reply thereto, petitioner's objection to the Supplemental Report and Recommendation, and after review of the Supplemental Report and Recommendation of United States Magistrate Judge Carol Sandra Wells, IT IS HEREBY ORDERED that:

1. The Supplemental Report and Recommendation is APPROVED and ADOPTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED without an evidentiary hearing; and

3. Petitioner has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this Court's disposition of his claims. Consequently, a certificate of appealability is DENIED.

In his objections to the Magistrate Judge's Supplemental Report and Recommendation, the petitioner states that Magistrate Judge Wells mischaracterized the tiers of custody at SCI Graterford. Even if that were true, it would not change

ENTERED
AUG 31 2011
CLERK OF COURT

the analysis that leads to the conclusion that the petition is untimely.

Magistrate Judge Wells found that equitable tolling is unwarranted in this case due to a lack of diligence by the petitioner. In making this finding, the Magistrate Judge acknowledges and accepts for purposes of the petition the petitioner's argument that tolling would be warranted for the times during which he was ineligible for inmate legal assistance (that is, his time in the "Secure Special Needs" and "Restricted Housing" units). The Magistrate Judge, nevertheless, found tolling unwarranted on the whole because the record reflects that the petitioner was housed for long stretches in the "[Non-Secure] Special Needs" unit ("SNU") for medical treatment, which Department of Corrections manuals indicate rendered him eligible for legal assistance. Supp. R&R at 4. Magistrate Judge Wells pointed out that the petitioner was in the SNU from October 29, 2009, through July 20, 2010.

The petitioner objects to Magistrate Judge Wells' reference to "the general prison populations's [sic] Special Needs Unit." See Pet'r Supp. Obj. at 1 (calling this characterization "mistaken[]"). Even if this objection were sound, it would not change the thrust of the Supplemental R&R, which is that equitable tolling is not warranted when a habeas petitioner has access to legal assistance but fails to avail

himself of it. His prison housing records, that are part of the docket and referenced by the petitioner in his objections, confirm the Supplemental Report and Recommendation's contention that "he was able to obtain legal assistance to file a habeas petition at any time from October 29, 2009, through July 20, 2010)," and that he also spent other long stints in the SNU during which time he could have availed himself of inmate legal assistance. Supp. R&R at 4-5.

Finally, the petitioner argues that his mental illness rendered him incompetent or otherwise incapable of making a timely habeas filing and merited tolling for the periods he was in the SNU as constituting "extraordinary circumstances" as required by Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Magistrate Judge Wells rejected this argument as contradicted by other evidence in the record of his capacity. The Court is persuaded by Magistrate Judge Wells' analysis of this issue.

But even if the Court were to fail to adopt that part of the Supplemental Report and Recommendation, Holland requires that the Court find both diligence and extraordinary circumstances; petitioner's failure to demonstrate diligence is plain, as discussed above.

BY THE COURT:

_/s/ Mary A. McLaughlin_
MARY A. McLAUGHLIN

3